# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**ZELMA LEE PARKER**                                                                            **PLAINTIFF**

**V.**                                                                            **NO. 4:20-CV-108-DMB-RP**

**ANDREW SAUL,**
**Commissioner of Social Security**                                                    **DEFENDANT**

## ORDER

On June 18, 2020, Zelma Lee Parker filed a complaint in the United States District Court for the Northern District of Mississippi seeking judicial review of the Commissioner of Social Security's decision denying her claim for benefits. Doc. #1. On April 1, 2021, this Court reversed the unfavorable decision and remanded this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. #20.

The same day, Parker filed a motion for an award of attorney's fees in the amount of $5,842.80 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d),[1] to be paid to her attorney for 23.50 total hours of work performed at the rate of $248.63 per hour. Doc. #22 at PageID 591. The Commissioner objects to the hourly rate utilized by Parker and asserts that the correct, adjusted, statutory, hourly rate under the EAJA for calculation of fees should be $203.93, resulting in a total award of $4,792.35. Doc. #23 at 1–2. Additionally, the Commissioner insists the award should be made payable to Parker, not her counsel, consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010). *Id.* at 2. Parker concedes that her fee request should have totaled $4,792.35. Doc. #24.

---

[1] The judgment in this case is properly considered final because the case was remanded pursuant to sentence four of 42 U.S.C. § 405(g), which means the time for appeal began to run once the ordered was entered. *Shalala v. Schaefer*, 509 U.S. 292, 298 (1993).

Based on the parties' agreement on the hourly rate calculated by the Commissioner, the Court finds a fee award of $4,792.35 is reasonable and that no special circumstance would make the award unjust. The Court further finds that the award should be made payable to Parker pursuant to the United States Supreme Court's ruling in *Astrue v. Ratliff* because Parker has presented no argument or legal authority to the contrary. *See* 560 U.S. 586 (2010) (holding the attorney's client should be the payee of the fee award pursuant to the provisions of the EAJA, regardless of any assignment).

Accordingly, Parker's motion for attorney fees [22] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent Parker is awarded attorney's fees in the amount of $4,792.35 (23.50 hours at the hourly rate of $203.93). It is DENIED in all other respects. The Commissioner is **DIRECTED** to promptly pay Parker $4,792.35 in attorney's fees for the benefit of her counsel.

**SO ORDERED**, this 17th day of May, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**