IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ZELMA LEE PARKER**                                                                     **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO. 4:20-CV-108-RP**

**ANDREW SAUL**[1]                                                          **DEFENDANT**
**Commissioner of Social Security**

## ORDER GRANTING MOTION FOR ATTORNEY FEES

Before the court is Plaintiff's motion seeking an award of attorney's fees of $5,753.90 dollars paid pursuant to §206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1). ECF #26. Plaintiff calculates this award based on 25% of the $66,185.00 in past due benefits awarded to Plaintiff less a reimbursement pursuant to the Equal Access to Justice Act fees in the amount of $4,792.35 and a credit of $6,000.00 paid to Plaintiff's counsel for services performed before the agency, pursuant to § 406(a).

In his response, Defendant does not object to Plaintiff's counsel receiving a reasonable fee neither does he take any position regarding Plaintiff's request for a net fee. However, the Commissioner notes that the reasonableness determination of the 406(b) fee request must be based on the total 406(b) fees sought rather than the net fee awarded after the offset. [Docket 38]. Under § 406(b), when a court "renders a judgment favorable to a claimant ... who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522,

---

[1] Although Andrew Saul was the Commissioner at the time this action commenced, Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek should be substituted for Michelle King as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

202 L. Ed. 2d 469 (2019) (quoting 42 U.S.C. § 406(b)(1)(A)).[2] "A contingency fee agreement to pay twenty-five percent of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case." *Bays v. Comm'r of Soc. Sec.*, No. 3:15CV00053-JMV, 2017 WL 6499248, at *1 (N.D. Miss. Dec. 19, 2017) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002)).[3] Fees under both § 406(b) and the EAJA are recoverable, however, the attorney must refund the lesser fee to the claimant. *Id*.

In support of his motion, Ms. Parker submitted the "Fee Contract for Federal Court SSI/Social Security Disability" signed by Plaintiff. [Docket #26]. The agreement states in relevant part:

> I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five (25%) of the past-due benefits that are awarded to my family and me in the event my case is won…If the court awards an attorney fee out of my past-due benefits and also awards an EAJA fee for the same work, I will be refunded or credited with the amount of the smaller fee.

*Id*.

Furthermore, Plaintiff has provided a copy of the court's Order authorizing a payment of $4,792.35 for a total of 23.50 hours of services performed at an hourly rate of $203.93. Plaintiff submits to the court that she has been credited with the amount of the smaller fee in accordance

---

2. "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019).
3. In *Gisbrecht*, the Supreme court noted:
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.
> *Id.* at 807-08, 122 S.Ct. at 1828, 152 L.Ed.2d 996 (internal citations and footnotes omitted).

with her agreement with counsel under the Fee Contract for Federal Court SSI/Social Disability. Therefore, Plaintiff has received the smaller fee as agreed upon in the Fee Contract for Federal Court Federal Court SSI/Social Security Disability. Finding that the award of fees is appropriate, the Court must next consider whether requested net fee is appropriate. Due to the fact Plaintiff's counsel credited plaintiff with the amount of the EAJA fee already received, and in the absence of any reasons why the presently requested fee is unjust, the undersigned does not find that counsel for Plaintiff must reimburse Plaintiff any other amount.

For the foregoing reasons, Plaintiff's Motion for Award of Attorney Fees under to 42 U.S.C.§ 406(b) is **GRANTED**. Plaintiff's counsel is awarded $5,753.90 to be paid from Plaintiff's past-due benefits withheld by the Agency.

**SO ORDERED**, this the 4th day of April, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE